IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02981-GPG

EARL LYNN STULTS,

    Plaintiff,

v.

MESA COUNTY DETENTION MEDICAL STAFF, and
MESA COUNTY CUSTODY OFFICERS,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Earl Lynn Stults, is detained at the Mesa County Detention Facility in Grand Junction, Colorado. Mr. Stults initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983. He has paid the $400.00 filing fee.

    On November 4, 2014, Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that it was deficient because the named Defendant, Mesa County Detention Facility, is not a suable entity and the Complaint did not allege facts sufficient to hold Mesa County liable under § 1983. (ECF No. 3). Magistrate Judge Boland thus ordered Mr. Stults to file an amended complaint, within thirty days, that complied with the pleading requirements of Fed. R. Civ. P. 8, and stated facts and allegations to show that either Mesa County, or individual County officers and/or employees, had violated his constitutional rights so as to be actionable under § 1983. (*Id.*).

After obtaining an extension of time, Mr. Stults filed his "revised claims" on December 24, 2014. (ECF No. 14). The Court construes the document as Plaintiff's amended complaint.

The Court must construe the amended complaint liberally because Mr. Stults is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Stults will be allowed one final opportunity to cure the defects in his pleading. He must file a second amended complaint, in compliance with the directives below, if he wishes to pursue his claims in this action.

## I. Amended Complaint

In the amended complaint, Mr. Stults alleges that he is a disabled veteran, who has been detained at the Mesa County Detention Facility since May 1, 2014. He alleges that detention officers have failed to recognize and accommodate his physical disabilities, and that the jail's physical accommodations are inadequate. Plaintiff states that he has fallen out of his wheelchair numerous times, that he is unable to shower, that he cannot use the toilet, or transfer himself in and out of bed, and, that he is unable to operate his manual wheelchair without assistance. He states that "[t]here's an everyday neglect by the Pod officers to give any assistance." (ECF No. 14, at 11). He asserts that although jail officials transferred him to a "more ADA compliant cell" in November 2014 (ECF No. 14, at 9, 20), the cell does not accommodate his "severe health problems" (*id.* at 11).

Mr. Stults further alleges in the amended complaint that on October 24, 2014, his right shoulder was injured while being transported by a Mesa County deputy sheriff from the hospital back to the jail and he suffered severe pain after he was forced head first into the back of a patrol car. He also asserts that he has been denied his medically-prescribed thrombotic socks for several months because he is unable to put the socks on himself, and "staff" refuse to assist him. (*Id.* at 13). For relief, he seeks damages for violation of his constitutional rights and the Americans with Disabilities Act (ADA). (*Id.* at 50). He also asks the Court to order his release to the Veterans Administration hospital. (*Id.*).

## II. Analysis

Affording the amended complaint a liberal construction, the Court discerns that Mr. Stults is attempting to assert § 1983 claims for deprivation of his Eighth Amendment rights, as well as a claim under the ADA.

### A. Constitutional claims

Plaintiff's general allegations that his medical needs have been ignored or neglected by the Defendants, Mesa County Detention Facility medical staff and custody officers, are too vague to state an arguable claim for relief. *See Swoboda v. Dubach,* 992 F.2d 286, 289-90 (10th Cir.1993) (vague, conclusory allegations are insufficient to form the basis for a § 1983 cause of action); *Hall,* 935 F.2d at 1110; *Ketchum v. Cruz,* 775 F.Supp. 1399, 1403 (D. Colo. 1991), *aff'd* 961 F.2d 916 (10th Cir. 1992).

Magistrate Judge Boland advised Plaintiff in the November 4, 2014 Order that he may sue John or Jane Doe Defendants if he does not know the names of the

individuals who violated his constitutional rights.  However, Plaintiff was warned that he must allege specific facts to show that each individual was personally involved in a deprivation of his constitutional rights.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (a § 1983 claim requires "personal involvement in the alleged constitutional violation"); *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); "[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'" *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (stating that a supervisor can only be held liable for his own deliberate intentional acts).

"Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir.1998) (citation omitted).  To state an arguable Eighth Amendment claim, a plaintiff must allege facts to show that jail officers or medical personnel acted with deliberate indifference to a serious risk of harm to his health or safety.  *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

The amended complaint is deficient because Plaintiff does not state specific facts to show how a particular individual violated his Eighth Amendment rights.  Instead, the allegations lump all custody officers and medical personnel together.  Plaintiff

therefore will be directed to file a second amended complaint to attempt to cure the deficiency. Mr. Stults is reminded that in order to state a claim in federal court, Mr. Stults "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

### B. ADA claim

Plaintiff asserts that Defendants have failed to provide a reasonable accommodation for his disabilities, in violation of the ADA.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (emphasis added). This provision extends to discrimination against inmates detained in a county jail. *See Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998) (holding that "[s]tate prisons fall squarely within the statutory definition of 'public entity,' which includes 'any department, agency, special purpose district, or other instrumentality of a State or States or local government' " (quoting 42 U.S.C. § 12131(1)(B)); *see also Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007). An individual is disabled if he has a "physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A).

To state a claim under Title II, the plaintiff must allege that (1) he is a qualified

individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability. See 42 U.S.C. § 12132; *Robertson,* 500 F.3d at 1193.

If Mr. Stults intends to pursue a Title II ADA claim in this action, he must assert the claim, with supporting factual allegations, in his second amended complaint, against Mesa County.  Individual Mesa County officers are not subject to personal liability under the ADA.  *See Nasious v. Colo.-Office of Governor Bill Ritter*, No. 09-cv-01051-REB-KMT, 2011 WL 2601015, at *3 (D. Colo. June 29, 2011) ("The proper defendant in a Title II claim is the public entity itself or an official acting in his or her official capacity.") (citation omitted); *Hicks v. Keller*, No. 11-cv-0422-WJM-KMT, 2012 WL 1414935 (D. Colo. April 24, 2012) (same).  Accordingly, it is

ORDERED that Plaintiff, Earl Lynn Stults, file a second amended complaint, that complies with the directives in this Order, **within thirty (30) days from the date of this order.**  Any papers that Plaintiff files in response to this order must include the civil action number on this order.  <u>The second amended complaint need not include the internal grievance forms and other documentation that is attached to the amended complaint</u>.

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved form for filing a Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use the form in filing his second amended complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to file a second amended complaint by the court-ordered deadline, this action may be dismissed, in whole or in part, without further notice.

DATED January 21, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge