IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02981-GPG

EARL LYNN STULTS,

    Plaintiff,

v.

MESA COUNTY DETENTION MEDICAL STAFF, and
MESA COUNTY CUSTODY OFFICERS,

    Defendants.

ORDER OF DISMISSAL

Plaintiff, Earl Lynn Stults, was detained at the Mesa County Detention Facility in Grand Junction, Colorado, at the time of filing. Mr. Stults initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983. He has paid the $400.00 filing fee. The Court construes Plaintiff's filings liberally, but does not act as an advocate for a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**I. Procedural History**

On November 4, 2014, Magistrate Judge Boyd N. Boland reviewed the Complaint (ECF No. 1) and determined that it was deficient because the named Defendant, Mesa County Detention Facility, is not a suable entity and the Complaint did not allege facts sufficient to hold Mesa County liable under § 1983. (ECF No. 3). Magistrate Judge Boland thus ordered Mr. Stults to file an amended complaint, within thirty days, that complied with the pleading requirements of Fed. R. Civ. P. 8, and stated

facts and allegations to show that either Mesa County, or individual County officers and/or employees, had violated his constitutional rights so as to be actionable under § 1983. (*Id.*).

After obtaining an extension of time, Mr. Stults filed his "revised claims" on December 24, 2014. (ECF No. 14). The Court construed the document liberally as Plaintiff's Amended Complaint.

In a January 21, 2015 Order (ECF No. 16), Magistrate Judge Gordon P. Gallagher reviewed the Amended Complaint and determined that it was deficient because Mr. Stults failed to allege facts to show that any individual County officers and/or employees were personally involved in a deprivation of Plaintiff's constitutional rights. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (the Eighth Amendment is violated when prison officials or medical personnel act with deliberate indifference to a serious risk of harm to an inmate's health or safety); *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir.1998) (citation omitted) ("Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims."). *See also Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (a § 1983 claim requires allegations of "personal involvement in the alleged constitutional violation"). Magistrate Judge Gallagher also observed in the January 21 Order that to the extent Plaintiff was asserting a Title II ADA claim, he must name Mesa County as a Defendant and assert facts to support the claim. (ECF No. 16). Accordingly, Magistrate Judge Gallagher directed Mr. Stults to file a Second Amended Complaint within thirty (30) days of the January 21 Order. (*Id.*). Magistrate Judge Gallagher warned Plaintiff that failure to comply with the January 21

Order may result in dismissal of the action without further notice. (*Id.*).

Sometime in January 2016, Mr. Stults was transferred to the infirmary at the Denver Reception and Diagnostic Center (*see* ECF Nos. 18, 20). Plaintiff requested and was granted, an extension of time up to an including April 12, 2015, to comply with the Order directing him to file a Second Amended Complaint. (ECF No. 21). On April 16, 2015, Mr. Stults filed a letter with the Court in which he stated that he had submitted his documentation in support of this action to attorney David Lane, but had not received a response. (ECF No. 22). Mr. Stults has not file a Second Amended Complaint to date.

**II. Analysis**

The factual allegations and claims set forth in the Amended Complaint (ECF No. 14) are set forth in detail in the January 21, 2015 Order (ECF No. 16) and will not be repeated here. Although Mr. Stults did not file a second amended complaint, it is not clear that his claims are legally frivolous, if he were to sue the proper parties and provide more detailed factual allegations. *See* 28 U.S.C. § 1915A (directing court to review prisoner complaints asserting claims against a government officer or entity to determine whether the claims are frivolous or malicious). As such, the Court will dismiss this action without prejudice pursuant to Fed. R. Civ. P. 41(b). *See e.g. Bowens v. Sterling Correctional Facility*, No. 13-1160, 533 F. App'x 863 (10th Cir. Oct. 9, 2013) (affirming district court's dismissal of *pro se* prisoner complaint without prejudice where plaintiff failed to comply with a court order directing him to file an amended complaint that sued the proper parties, complied with pleading requirements, and alleged the personal participation of the defendants in a deprivation of his constitutional rights).

Accordingly, it is

ORDERED that this action is DISMISSED WITHOUT PREJUDICE, pursuant to Fed. R. Civ. P. 41(b), for Plaintiff's failure to comply with the January 21, 2015 Order directing him to file a second amended complaint.

FURTHER ORDERED that leave to proceed *in forma pauperis* is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Stults files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED April 29, 2015, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court